UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Cesar De La Cruz,

                      Plaintiff,

-*against*-

Jonathan Lord Corp., Kathleen Dancik and Carol Kentrup,

                      Defendants.

Case No.:

**COMPLAINT**

Plaintiff Cesar De La Cruz, by his attorneys, the Moser Law Firm, P.C., hereby files this complaint against Defendants Jonathan Lord Corp., Kathleen Dancik and Carol Kentrup and alleges as follows:

## INTRODUCTION

1. This action is brought individually to recover.

    (a) overtime under the Fair Labor Standards Act of 1938 ("FLSA"), as amended,

    (b) overtime under the NYLL,

    (c) minimum wages under the NYLL,

    (d) spread of hours pay under the NYLL,

    (e) statutory damages for wage statement violations under New York Labor Law § 195(3),

    (f) statutory damages for wage notice violations under NYLL § 195(1),

    (g) liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiff*

4. Plaintiff Cesar De La Cruz is a natural person who resides in Nassau County, New York.

5. Cesar De La Cruz was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(3).

### *Defendants*

### *Jonathan Lord Corp.*

6. Defendant Jonathan Lord Corp. ("Jonathan Lord") is a domestic corporation formed under the laws of the State of New York.

7. Jonathan Lord does business as Jonathan Lord Cheesecakes & Desserts.

8. Jonathan Lord operates a facility at 87 Carlough Road, Bohemia, NY 11716

9. Jonathan Lord bakes and sells cheesecakes, cookies and other baked goods directly to the public at its facility in Bohemia, online, and wholesale.

10. For the 2019 calendar year, Defendant Jonathan Lord Corp. had an annual dollar volume of sales or business done of $500,000 or more.

11. For the 2020 calendar year, Defendant Jonathan Lord Corp. had an annual dollar volume of sales or business done of $500,000 or more.

12. Defendant Jonathan Lord Corp. employees handled and/or worked upon goods that had been moved in or produced for commerce, including, but not limited to, ingredients such as flour and sugar.

*Kathleen Dancik*

13. Defendant Kathleen Dancik is a natural person.

14. Defendant Kathleen Dancik ("Dancik") resides in Suffolk County, New York.

15. Upon information and belief, Dancik has been an officer of Jonathan Lord Corp. during the relevant time period.

16. Upon information and belief, Dancik has been a shareholder of Jonathan Lord Corp. during the relevant time period.

17. Upon information and belief, Dancik had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

18. Upon information and belief, Dancik exercised sufficient operational control over Jonathan Lord Corp. to be deemed the Plaintiff's employer under the FLSA and the NYLL.

*Carol Kentrup*

19. Defendant Carol Kentrup is a natural person.

20. Defendant Carol Kentrup ("Kentrup") resides in Suffolk, New York.

21. Upon information and belief, Kentrup has been an officer of Jonathan Lord Corp. during the relevant time period.

22. Upon information and belief, Kentrup has been a shareholder of Jonathan Lord Corp. during the relevant time period.

23. Upon information and belief, Kentrup had the power to hire and fire the Plaintiff, supervised and controlled his work schedules, the conditions of his employment, determined the rate and method of his pay, and maintained records of his employment.

24. Upon information and belief, Kentrup exercised sufficient operational control over Jonathan Lord Corp. to be deemed the Plaintiff's employer under the FLSA and the NYLL.

## WILLFULNESS ALLEGATIONS

25. As part of their regular business practice, Defendants have willfully engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

26. This pattern, practice, and/or policy includes willfully failing to pay the Plaintiff overtime wages and spread of hours pay. Upon information and belief, Defendants were or should have been aware that their actions as described in this complaint violated both state and federal law.

## FACTUAL ALLEGATIONS

27. Plaintiff Cesar De La Cruz ("Mr. De La Cruz") was employed by Jonathan Lord Corp. from approximately September 15, 2018 until September 2020

28. Mr. De La Cruz worked in shipping and receiving. He prepared orders for pickup and delivery. He was regularly engaged in interstate commerce because he shipped orders and prepared orders for interstate shipping to New Jersey, Massachusetts, and other states.

29. From September 15, 2018 until December 2019 Mr. De La Cruz's regular work schedule was from 7:00 AM until 6:00 PM or 7:00 PM from Monday through Friday, with a ½ hour lunch.

30. Mr. De La Cruz was promised an hourly rate of $13.50 per hour. He was paid $271.00 per week via check. The remainder was to be paid via cash. However, the Defendants

4

never paid him the full promised cash compensation. Sometimes he would receive no additional cash compensation, and sometimes he would receive $20 or $30 in cash. He was told that there was not enough money to pay him. Sometimes, his paycheck would bounce or the funds would not be available for several weeks.

31. Mr. De La Cruz was not paid an overtime premium for hours worked in excess of 40 per workweek.

32. Mr. De La Cruz did not receive compensation for all hours worked at his promised rate of compensation.

33. Mr. De La Cruz did not receive one additional hour of pay at the basic minimum hourly rate on each day in which the spread of hours exceeded 10.

34. Mr. De La Cruz was not paid the applicable minimum wage for each hour worked as required by NYLL § 663 and 12 NYCRR § 142-2.1.

35. For example, upon information and belief, for the workweek ending December 6, 2019, Mr. De La Cruz worked at least 55 hours. He worked a spread of hours in excess of 10 for approximately 5 days. During this workweek, the applicable NY Minimum Wage to which he was entitled was $12.00 per hour. For this workweek, the Plaintiff received a check in the amount of $271.00. His effective rate of pay was approximately a $5 per hour.

36. The Plaintiff was not furnished with a wage statement with each payment of wages as required by NYLL §§ 195(3) and 198(1-d).

37. The Plaintiff was not furnished with a hiring notice within 10 days of the date of hire as required by NYLL §§ 195(1) and 198(1-b).

5

## FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act*

*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

38. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

39. Plaintiff was an employee of the Defendant(s)

40. Defendant(s) were engaged in commerce.

41. Defendant(s) had annual gross sales of at least $500,000 during the relevant time period.

42. In the Plaintiff's work for the Defendant(s), the Plaintiff was engaged in trade, commerce, transportation, transmission or communication between any state and any place outside that state.

43. In the Plaintiff's work for the Defendant(s), the Plaintiff was engaged in the production, manufacturing, mining, handling, transportation, or otherwise worked on goods transported between any state and any place outside that state.

44. Defendant(s) failed to pay the Plaintiff overtime at a wage rate of one and one-half times the Plaintiff's regular rate for all hours Plaintiff worked in excess of forty in one or more workweeks.

## SECOND COUNT

*Overtime Wages under 12 NYCRR § 142-2.2 and NYLL § 663*

45. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

46. Plaintiff was an employee of the Defendant(s).

47. The Defendant(s) were each an employer.

48. Plaintiff was covered by the Minimum Wage Order for Miscellaneous Industries and Occupations. 12 NYCRR 142.

49. Defendant(s) failed to pay the Plaintiff overtime at a wage rate of one and one-half times the Plaintiff's regular rate for all hours Plaintiff worked in excess of forty in one or more workweeks.

## THIRD COUNT

*Minimum Wages under 12 NYCRR § 142-2.1 and NYLL § 663*

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

51. Defendants are each an employer.

52. Plaintiff is an employee.

53. Plaintiff was covered by the Minimum Wage Order for Miscellaneous Industries and Occupations. 12 NYCRR 142.

54. Defendant(s) failed to pay the Plaintiff the basic minimum hourly rate for each hour worked specified in 12 NYCRR 142-2.1.

## FOURTH COUNT

*Spread of Hours Pay under 12 NYCRR § 142-2.4 and NYLL § 198(1-a)*

55. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

56. Plaintiff was an employee of the Defendant(s).

57. The Defendant(s) were each an employer.

58. Plaintiff was covered by the Minimum Wage Order for Miscellaneous Industries and Occupations. 12 NYCRR 142.

59. At times during the Plaintiff's employment with the Defendant(s) the interval between the beginning and end of the Plaintiff's workday exceeded 10 hours.

60. Defendant(s) failed to pay the Plaintiff one additional hour's pay at the basic minimum hourly wage rate for each day in which the interval between the beginning and end of the Plaintiff's workday exceeded 10 hours.

## FIFTH COUNT

*Unpaid Wages Under NYLL § 193 (or § 191)*

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

62. Plaintiff was an employee of the Defendant(s).

63. The Defendant(s) were each an employer.

64. Defendant(s) failed to pay the Plaintiff wages to which the Plaintiff was entitled in violation of NYLL § 193.


## SIXTH COUNT

*Wage Statement Violations Under NYLL §§ 195(3) and 198(1-d)*

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

66. Plaintiff was an employee of the Defendant(s).

67. The Defendant(s) were each an employer.

68. Defendant(s) did not furnish Plaintiff with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of

employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

## SEVENTH COUNT

*Hiring Notice Violations under NYLL §§ 195(1) and 198(1-b)*

69. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

70. Plaintiff was an employee of the Defendant(s).

71. The Defendant(s) were each an employer.

72. The Defendant(s) did not provide Plaintiff the notice required by NYLL § 195(1)(a) within ten business days of hiring as required by NYLL § 195-1 and NYLL § 198-1(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA;

B. Liquidated damages in an amount equal to unpaid overtime under the FLSA;

C. Overtime under the NYLL;

D. Minimum wages under the NYLL;

E. Spread of hours pay under the NYLL;

F. Wages under the NYLL;

9

G. Liquidated damages in an amount equal to unpaid overtime, minimum wages, spread of hours pay and wages under the NYLL;

H. For wage statement violations under the NYLL, civil damages in the amount of $250 per workday, up to a total of $5,000;

I. For wage notice violations under the NYLL, civil damages in the amount of $50 per workday, up to a total of $5,000;

J. Reasonable attorneys' fees and costs of the action;

K. Prejudgment and post judgment interest; and

L. Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
May 19, 2022

    Respectfully submitted,
    MOSER LAW FIRM, P.C.

    By: Steven John Moser
    5 E. Main St.
    Huntington, NY 11743
    (631) 824-0200
    steven.moser@moserlawfirm.com
    *Attorney for Plaintiffs*

I give my consent to become a party to this action under the FLSA.

Dated:

    Cesar De La Cruz