UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CESAR DE LA CRUZ,

                       Plaintiff,                Docket No.: 22-cv-02948-JAM-SIL

              -against-

                                              **ANSWER**

JONATHAN LORD CORP., KATHLEEN
DANCIKA and CAROL KENTRUP,

                     Defendants.
------------------------------------------------------------X

        Defendants, JONATHAN LORD CORP., KATHLEEN DANCIKA and CAROL KENTRUP (the "Defendants") by their attorneys, RIVKIN RADLER LLP, respectfully submit the following as and for their ANSWER to Plaintiff's Complaint (the "Complaint"):

## INTRODUCTION

        1.      The allegations contained in paragraph "1" of the Complaint constitute conclusions of law to which no response of Defendants is required. To the extent a response is deemed required, the allegations are denied.

## JURISDICTION AND VENUE

        2.      The allegations contained in paragraph "2" of the Complaint constitute conclusions of law to which no response of Defendants is required. To the extent a response is deemed required, the allegations are denied.

        3.      Defendants admit the allegations set forth in paragraph numbered "3" of the Complaint.

## PARTIES

### *Plaintiff*

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph numbered "4" of the Complaint.

5. Defendants the allegations set forth in paragraph numbered "5" of the Complaint

### *Defendants*

#### *Jonathan Lord Corp.*

6. Defendants admit the allegations set forth in paragraph numbered "6" of the Complaint.

7. Defendants admit the allegations set forth in paragraph numbered "7" of the Complaint.

8. Defendants admit the allegations set forth in paragraph numbered "8" of the Complaint.

9. Defendants admit the allegations set forth in paragraph numbered "9" of the Complaint.

10. Defendants admit the allegations contained in paragraph "10" of the Complaint.

11. Defendants admit the allegations contained in paragraph numbered "11" of the Complaint.

12. The allegations contained in paragraph "12" of the Complaint constitute conclusions of law to which no response of Defendants is required. To the extent a response is deemed required, the allegations are denied.

*Kathleen Dancik*

13. Defendants admit the allegations contained in paragraph numbered "13" of the Complaint.

14. Defendants admit the allegations contained in paragraph numbered "14" of the Complaint.

15. Defendants admit the allegations set forth in paragraph numbered "15" of the Complaint.

16. Defendants admit the allegations set forth in paragraph numbered "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph numbered "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph numbered "18" of the Complaint.

*Carol Kentrup*

19. Defendants admit the allegations set forth in paragraph numbered "19" of the Complaint.

20. Defendants admit the allegations set forth in paragraph numbered "20" of the Complaint.

21. Defendants admit the allegations set forth in paragraph numbered "21" of the Complaint.

22. Defendants admit the allegations set forth in paragraph numbered "22" of the Complaint.

23. Defendants deny each and every allegation contained in paragraph numbered "23" of the Complaint.

24. Defendants deny each and every allegation contained in paragraph numbered "24" of the Complaint.

## WILLFULNESS ALLEGATIONS

25. Defendants deny each and every allegation contained in paragraph numbered "25" of the Complaint.

26. Defendants deny each and every allegation contained in paragraph numbered "26" of the Complaint.

## FACTUAL ALLEGATIONS

27. Defendants deny each and every allegation contained in paragraph numbered "27" of the Complaint, except admit Plaintiff was employed by the Corporate Defendant.

28. Defendants deny each and every allegation contained in paragraph numbered "28" of the Complaint.

29. Defendants deny each and every allegation contained in paragraph numbered "29" of the Complaint.

30. Defendants deny each and every allegation contained in paragraph numbered "30" of the Complaint.

31. Defendants deny each and every allegation contained in paragraph numbered "31" of the Complaint.

32. Defendants deny each and every allegation contained in paragraph numbered "32" of the Complaint.

33. Defendants deny each and every allegation contained in paragraph numbered "33" of the Complaint.

34. Defendants deny each and every allegation contained in paragraph numbered "34" of the Complaint.

35. Defendants deny each and every allegation contained in paragraph numbered "35" of the Complaint.

36. Defendants deny each and every allegation contained in paragraph numbered "36" of the Complaint.

37. Defendants deny each and every allegation contained in paragraph numbered "37" of the Complaint.

### COUNT 1
### ANSWERING THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### 29 U.S.C §§ 201 et seq. (29 U.S.C. §§ 207 & 216)

38. Answering paragraph number "38" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "37" inclusive with the same force and effect as though more fully set forth at length herein.

39. Defendants deny each and every allegation contained in paragraph numbered "39" of the Complaint.

40. Defendants deny each and every allegation contained in paragraph numbered "40" of the Complaint.

41. Defendants admit each and every allegation contained in paragraph numbered "41" of the Complaint.

42. Defendants deny each and every allegation contained in paragraph numbered "42" of the Complaint.

43. Defendants deny each and every allegation contained in paragraph numbered "43" of the Complaint.

44. Defendants deny each and every allegation contained in paragraph numbered "44" of the Complaint.

**COUNT 2**
**ANSWERING THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**OVERTIME WAGES UNDER 12 NYCRR § 142-2.2 AND NYLL § 663**

45. Answering paragraph number "45" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "44" inclusive with the same force and effect as though more fully set forth at length herein.

46. Defendants deny each and every allegation contained in paragraph numbered "46" of the Complaint.

47. Defendants deny each and every allegation contained in paragraph numbered "47" of the Complaint.

48. Defendants deny each and every allegation contained in paragraph numbered "48" of the Complaint.

49. Defendants deny each and every allegation contained in paragraph numbered "49" of the Complaint.

## COUNT 3
### ANSWERING THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS: <u>MINIMUM WAGES UNDER 12 NYCRR § 142-2.1 and NYLL § 663)</u>

50. Answering paragraph number "50" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "49" inclusive with the same force and effect as though more fully set forth at length herein.

51. Defendants deny each and every allegation contained in paragraph numbered "51" of the Complaint.

52. Defendants deny each and every allegation contained in paragraph numbered "52" of the Complaint.

53. Defendants deny each and every allegation contained in paragraph numbered "53" of the Complaint.

54. Defendants deny each and every allegation contained in paragraph numbered "54" of the Complaint.

## COUNT 4
### ANSWERING THE FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>SPREAD OF HOURS PAY UNDER 12 NYCRR § 142-2.4 and NYLL § 198(1-a)</u>

55. Answering paragraph number "55" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "54" inclusive with the same force and effect as though more fully set forth at length herein.

56. Defendants deny each and every allegation contained in paragraph numbered "56" of the Complaint.

57. Defendants deny each and every allegation contained in paragraph numbered "57" of the Complaint.

58. Defendants deny each and every allegation contained in paragraph numbered "58" of the Complaint.

59. Defendants deny each and every allegation contained in paragraph numbered "59" of the Complaint.

60. Defendants deny each and every allegation contained in paragraph numbered "60" of the Complaint.

### COUNT 5
### ANSWERING THE FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: UNPAID WAGES UNDER NYLL § 193 (or §191)

61. Answering paragraph number "61" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "60" inclusive with the same force and effect as though more fully set forth at length herein.

62. Defendants deny each and every allegation contained in paragraph numbered "62" of the Complaint.

63. Defendants deny each and every allegation contained in paragraph numbered "63" of the Complaint.

64. Defendants deny each and every allegation contained in paragraph numbered "64" of the Complaint.

## COUNT 6
### ANSWERING THE SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: WAGE STATEMENT VIOLATIONS NYLL §§ 195(3) AND 198(1-d)

65. Answering paragraph number "65" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "64" inclusive with the same force and effect as though more fully set forth at length herein.

66. Defendants deny each and every allegation contained in paragraph numbered "66" of the Complaint.

67. Defendants deny each and every allegation contained in paragraph numbered "67" of the Complaint.

68. Defendants deny each and every allegation contained in paragraph numbered "68" of the Complaint.

## COUNT 7
### ANSWERING THE SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: WAGE STATEMENT VIOLATIONS NYLL §§ 195(3) AND 198(1-d)

69. Answering paragraph number "69" of the Complaint herein, Defendant jointly and severally repeats and reiterates each and every denial heretofore made in regard to each and every paragraph of the Complaint, designated as paragraphs "1" through "68" inclusive with the same force and effect as though more fully set forth at length herein.

70. Defendants deny each and every allegation contained in paragraph numbered "70" of the Complaint.

71. Defendants deny each and every allegation contained in paragraph numbered "71" of the Complaint.

72. Defendants deny each and every allegation contained in paragraph numbered "72" of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming any burden of production or proof that it would not otherwise have.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73. That the Complaint fails to state a claim against the answering Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74. Plaintiff is not entitled to punitive and/or liquidated damages under the Fair Labor Standards Act, as the actions and conduct of answering Defendants were not willful but were at all times taken in good faith and for legitimate and lawful business reasons.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75. That the rights of action and/or the causes of action and/or each of them set forth in the Complaint as against the answering Defendants are barred, in whole or in part, by the applicable Statutes of Limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76. Defendants paid Plaintiff(s) for all hours worked and, in whole or in part, Plaintiff is claiming herein wages for times he did not work for Defendants and in fact worked for another employer.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff's NYLL claims lack supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. The Complaint and each claim purported to be alleged therein is barred to the extent Plaintiff has unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. Plaintiff is entitled to a jury trial only as to those issues for which a jury trial is permitted by the statutes, regulations and ordinances.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. Defendants acted in good faith and with reasonable grounds to believe that they were not violating the FLSA and/or NYLL.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §§ 258 and 259, because actions taken in connection with Plaintiff(s)' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82. Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff(s) all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* the New York Minimum Wage Act, N.Y. Labor Law §§650 *et seq.,* Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.,* and all of their implementing regulations (collectively "Applicable Law").

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

83. The Complaint, and each claim purported to be alleged therein, is barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

84. Any claim for additional compensation by Plaintiff(s) must be reduced by compensation already paid to Plaintiff(s) for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85. Plaintiff(s)' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86. Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. §207(e) must likewise be excluded from the calculation of any overtime rate of pay which may be found to be due Plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities or incidental to them.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

89. Any alleged violations of the FLSA were not willful and, therefore, any claims for overtime pay by Plaintiff that occurred more than two years prior to the date Plaintiff filed the Complaint are barred by the two-year statute of limitations provided in 29 U.S.C. §255.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

90. Defendants affirmatively and specifically plead each and every defense, limitation and immunity provided under the NYLL.

**WHEREFORE**, Defendants, JONATHAN LORD CORP., KATHLEEN DANCIKA and CAROL KENTRUP, demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

DATED:   Uniondale, New York
October 7, 2022

        Yours, etc.
        RIVKIN RADLER LLP
        Attorneys for Defendants,
        JONATHAN LORD CORP., KATHLEEN DANCIKA
        and CAROL KENTRUP

By:     /s/
        JOHN K. DIVINEY (JKD-6836)
        RIVKIN RADLER LLP
        926 RXR Plaza
        Uniondale, New York  11556-0926
        John.diviney@rivkin.com
        (516) 357-3000

TO:    Steven Moser, Esq.
        Moser Law Firm, P.C.
        *Attorneys for Plaintiff(s)*
        Steven John Moser, Esq.
        5 East Main Street
        Huntington, New York  11743
        (516) 671-1150
        Steven.moser@moserlawfirm.com