

631-824-0200
steven.moser@moserlawfirm.com

September 5, 2023

**VIA ECF**

Hon. Steven I. Locke, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:     Re:     *De La Cruz v Jonathan Lord Corp,* Case No. 22-cv-2948 (JMA)(SIL)

Dear Judge Locke:

I represent the Plaintiff in the above-reference matter.

The parties jointly move for judicial approval of the annexed proposed FLSA settlement as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## Background

Plaintiff commenced this case in May 2022 alleging violations of the FLSA and the NYLL, including Overtime Wages, Minimum Wages, Spread of Hours pay, and Statutory damages for failure to issue wage statements and a hiring notice.  *See* Complaint, ECF No. 1.

The parties participated in mediation with Patrick M. McKenna, Esq. a member of the EDNY panel, and reached a tentative settlement.  The proposed settlement agreement is annexed hereto as Exhibit 1.

## The Settlement is Fair and Comports with *Cheeks*

The complaint alleged that Plaintiff was employed by Defendants from September 15, 2018 until December 2019, and that during this time Mr. De La Cruz worked between 52.5 hours and 57.5 hours each week.

Defendants, however, produced detailed records, including timecards and pay records showing that:

- Plaintiff was actually employed from late 2018 until October 2, 2020;
- The most hours that the Plaintiff worked during any given workweek throughout his employment was 45.48 hours;
- Plaintiff worked an average of less than 42 hours per week during 2019;



September 5, 2023
Page 2 of 2

- Plaintiff never worked overtime in 2020;
- Plaintiff was paid the proper overtime premium when he worked overtime hours;
- Plaintiff never worked a spread of hours in excess of 10.

In the end, the Plaintiff claimed that the records may have been falsified. However, in light of the detailed nature thereof there was significant risk that a fact finder could determine that (1) Mr. Cruz worked far fewer hours than he claimed, (2) when he worked overtime, he was properly compensated, or (3) he did not work a spread of hours in excess of 10. Nevertheless, in the interest of resolving the case without further litigation, and in light of the potential success on the hiring notice claims, the Defendants offered, and Plaintiff accepted, the total sum of $25,000.00. Under the terms of the proposed settlement, the Plaintiff will receive $15,000.00, payable within 60 days of Court approval, and attorneys' fees of $10,000.00 will be paid within 6 months of Court approval.

Under the unique circumstances of this case, the $15,000 to be paid to the Plaintiff is fair compensation and was paid in order to avoid the significant costs associated with defending the action.

**The Agreement also complies with the Second Circuit's decision in *Cheeks*.** Here, the settlement agreement does not contain any of the provisions the Second Circuit found objectionable in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). More specifically, the agreement contains neither an overbroad general release nor a confidentiality provision. *Id.*

T**he Attorney's fees are fair and reasonable.** Annexed hereto as Exhibit 2 is a closing statement. The standard 1/3 fee was charged to the client in the amount of $8,332.50, as well as costs of $932.00. Moreover, in order to resolve the case, Plaintiff's counsel agreed to accept payment in six months. In order to compensate Plaintiff's counsel for the risk, delay and inconvenience associated with this delay, the Plaintiff agreed to pay, and Plaintiff's counsel accepted an additional sum of $735.50.

### Conclusion

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable and ask that the settlement should be approved.

Respectfully submitted,

Steven John Moser

CC:   All Counsel of Record (Via ECF)