# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Cesar De La Cruz ("Plaintiff" or "De La Cruz") and Jonathan Lord Corp., Carole Kentrup, and Kathy Dancik (collectively referred herein as "Defendants" or "Lord Corp.").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No: 2:22-cv-02948 (JMA)(SIL) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties have participated in mediation and have reached this settlement as a result thereof, expressing a mutual desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment:** In consideration for Plaintiff's release of claims as provided herein, Defendants agree to pay plaintiff a Settlement Amount in accordance with the following terms.

   (a) **Defendants will pay t**he sum of $15,000.00 **to** Cesar De La Cruz within 60 calendar days after the date on which the settlement is approved by the Court.

   (b) Defendants will pay the additoinal the sum of $10,000.00 to the Moser Law Firm (the "Firm") within six calendar months after the date on which the settlement is approved by the Court.

   (a) The foregoing payments payment shall be reported to the IRS on a Form 1099 in the year the payments are made.

   Payment of the Settlement Amount will not be due and owed unless and until such time as Plaintiff's counsel supplies a complete Form W-9 and the Court approves this Settlement Agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015). The payments set forth above in Paragraphs 1(a) and 1(b) shall be delivered to the office of the Moser Law Firm to the attention of Steven Moser, Esq., at 5 East Main Street, Huntington, New York 11743.

    The Parties shall jointly request that the Court expressly incorporate the terms of this Settlement Agreement into any order approving the settlement, and that the incorporation of the terms of this Agreement into a final order shall be a condition of settlement.

    Defendants make no representations concerning the tax consequences of payment of the Settlement Amount to the Plaintiff on the basis set forth hereunder, and the Plaintiff agrees to pay any federal, state or local taxes that are or may become due with respect to the Settlement Amount paid pursuant to Paragraph 1 and/or in connection with any claim that they have released pursuant to this Agreement. The Plaintiff further agrees to indemnify and hold Defendants harmless from any liability the Plaintiff may incur should any federal, state or local taxing authority determine that additional income taxes, FICA contributions or other taxes should have been withheld from the Settlement Amount paid pursuant to Paragraph 1.

2. **Plaintiff's Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiff understands and agrees that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, minimum wages, regular wages, spread of hours pay, tips, liquidated damages, statutory penalties, pay frequency violations, record-keeping violations, interest, and attorneys' fees and disbursements under the wage and hour provisions of the FLSA, the NYLL, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the Effective Date (as defined below) of this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the Effective Date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 et seq., the NYLL, and their respective governing regulations.

3. **No Admission of Wrongdoing:** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by any party of wrongdoing or evidence of any liability or unlawful conduct of any kind.

4. **Non-Disparagement:** The Parties agree that they shall refrain from making, or encouraging others to make, written or oral statements to any person or entity, or in any forum, including by way of social media, which may reasonably be expected to impugn the character, integrity or ethics, or damage the business, image or reputation, of the other Party.

5. **Acknowledgments and Affirmations:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notice:** Notices and payments required under this Agreement shall be via overnight courier and be delivered to:

To Plaintiff:

> Steven Moser, Esq.
> **THE MOSER LAW FIRM, PC**
> *Attorneys for the Plaintiff*
> 5 East Main Street
> Huntington, New York 11743
> Tel: (516) 671-1150
> Email: steven.moser@moserlawfirm.com

To Defendants:

> John K. Diviney, Esq. and/or
> Caitlyn M. Gibbons, Esq.
> **RIVKIN RADLER, LLP**
> 926 RXR Plaza
> Uniondale, NY 11556
> Tel: (516) 357-3000
> Fax: (516) 357-3333
> Email: john.diviney@rivkin.com and/or
>       caitlyn.gibbons@rivkin.com

7. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement, as a condition of settlement.

8. **Effective Date:** This Agreement shall become effective as of the date the final signatory executes this Agreement.

9. **Entire Agreement:** This Settlement Agreement contains the entire agreement between the Parties on the subject matter described in this Settlement Agreement. By signing this Agreement below, Plaintiff states that he understands this Agreement and its terms, and that he has signed the Agreement voluntarily based on his desire to enter into this Agreement.

10. **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

11. **Severability:** This Agreement shall be construed in accordance with the laws of the State of New York. If any provision of this Agreement is declared invalid by any court of competent jurisdiction for any reason, such invalidity shall not affect the remaining provisions of this Agreement, which shall be fully severable, and given full force and effect.

12. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. **Counterparts:** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

      PLAINTIFF DE LA CRUZ FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.

      BY SIGNING BELOW, THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ AND UNDERSTAND THIS AGREEMENT AND VOLUNTARILY CHOOSE TO ACCEPT THE TERMS OF THIS AGREEMENT FOR THE PURPOSE OF MAKING A FULL AND FINAL RESOLUTION OF THE MATTERS CONTAINED HEREIN.

PLAINTIFF:

By: _____  Date: 8/24/2023
    ID reiorqoaFmJ68HndA1n99aZt
    CESAR DE LA CRUZ

DEFENDANTS:

By: Kathy Dancik _____  Date: 08/31/23
    JONATHAN LORD CORP.

4

By: _____*Carole Kentrup*_____          Date: 08/31/23
      CAROLE KENTRUP

By: _____*Kathy Dancik*_____          Date: 08/31/23
      KATHY DANCIK

5

## eSignature Details

**Signer ID:**       **reiorqoaFmJ68HndA1n99aZt**
Signed by:           Cesar De La Cruz
Sent to email:       tuyoporciempre@icloud.com
IP Address:          174.197.135.121
Signed at:           Aug 24 2023, 12:55 pm EDT